GEORGE M. IGO, administrator with the will annexed,
vs. MARY J. HARRIS.

Suffolk.    January 27, 1914. — March 2, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Devise and Legacy.*

A testator, who at the time he made his will had a wife and two daughters, be-
queathed to his daughter M $100, and to his daughter L or for her benefit
gave all the rest of his property to be enjoyed by her at times and in a
manner directed. He further provided as follows: "If the said L shall die
without issue before she shall be entitled by this will to receive as aforesaid the
whole or some remaining portion of the property . . . I do hereby devise and
bequeath all said property and estate not received by her or paid for her behalf
at the time of her decease . . . to my wife J. In case of the decease of my daugh-
ter L and my wife J to go to my heirs at law." The testator's daughter L died in
his lifetime without issue. His wife and his daughter M survived him. *Held,* that
the testator, in referring to the death of his daughter L, meant that death when-
ever it should happen, whether before or after his own death, and that accord-
ingly all of the residue passed under the will to his widow.

BILL IN EQUITY, filed in the Probate Court for the county of
Suffolk on August 28, 1912, by the administrator with the will
annexed of the estate of John A. Bell, who died on March 25,
1911, for instructions as to whether the plaintiff should pay over
the residue of the estate of the testator to Mary Jane Harris,
formerly Mary Jane Bell, the surviving daughter of the testator,
or to the executor of the will of Jane B. Bell, the widow of the
testator, who died on December 13, 1911. Lilian Maud Bell,
the other daughter of the testator mentioned in his will, died in
the lifetime of the testator without issue on July 31, 1895.

The will of John A. Bell was dated September 3, 1879, and,
omitting the introductory and attesting clauses, was as follows:

"First. I do devise and bequeath unto my daughter Mary
Jane Bell, one hundred dollars.

"Second. I do devise and bequeath unto my daughter Lilian
Maud Bell all the rest of my property and estate real and per-
sonal and all the property and estate real and personal of which I
may die seized or possessed whether now owned or hereafter

acquired. The property and estate devised and bequeathed as aforesaid and the proceeds thereof shall be paid to and in behalf of the said Lilian Maud Bell in manner as follows, to wit:

"First. A sum not exceeding the interest and annual increase of said property and estate shall be expended by my executor as in his discretion the said Lilian Maud Bell may need, for the care dress, comfort and education of the said Lilian Maud Bell each year until she shall arrive at the age of twenty one years.

"Second. The principal sum of all the property and estate devised and bequeathed as aforesaid, and all the estate and accumulations thereof, shall be paid and delivered to the said Lilian Maud Bell, for herself and her heirs forever, in manner as follows, to wit, one half of the same when she shall arrive at the age of eighteen years, and the remainder thereof when she shall arrive at the age of twenty one years.

"Third. If the said Lilian Maud Bell shall die with issue before she shall receive the whole or part of the property and estate hereinbefore devised and bequeathed to her, I hereby devise and bequeath all said property and estate not received by her or paid for her behalf at the time of her death, to the children born of her body as her heirs in right of representation, to become their property when the said Lilian Maud Bell would have received the same if living.

"Fourth. If the said Lilian Maud Bell, shall die without issue before she shall be entitled by this will to receive as aforesaid the whole or some remaining portion of the property and estate herein-before devised and bequeathed to her, I do hereby devise and bequeath all said property and estate not received by her or paid for her behalf at the time of her decease in manner as follows

"First. I do devise and bequeath all my property to my wife Jane B. Bell. In case of the decease of my daughter, Lilian Maud Bell and my wife Jane B. Bell to go to my heirs at law. All the devises of real estate in this my will contained I devise to the several devisees as hereinbefore named to hold to them respectively as hereinbefore stated and their heirs forever. And I do hereby appoint and constitute S. Waldo Sibley aforesaid of New York City to be my executor of this my last will and testament. I do enjoin him to keep the various funds and properties devised and bequeathed by this will, while in his charge, invested in

bonds and securities of the United States, of some New England State or of some town or Cities of the Commonwealth of Massachusetts, or variously invested in two or more of the classes of bonds or securities above named."

In the Probate Court *Grant,* J., made a decree instructing the plaintiff that the residue of the estate of John B. Bell should be paid to the executor of the will of his widow Jane B. Bell. The defendant Mary Jane Harris appealed.

The appeal came on to be heard before *Sheldon,* J., who reserved it for determination by the full court.

*J. T. Pugh,* for the defendant.

*E. C. Upton,* for the plaintiff.

SHELDON, J. While the provisions of this will are somewhat confused, it is not difficult to perceive the intentions of the testator. He gave to his daughter Mary, the appellant, the sum of $100. He desired all the rest of his property to go to his daughter Lilian, but to be paid to her or for her benefit only at the times and in the manner stated in his will. If she should die leaving issue before she had received the whole or [any] part of what he thus had devised and bequeathed to her, it was to be paid to her children; if she should die without issue, then he bequeathed all his property to his wife. He further provided that in case of the decease of his daughter Lilian and his wife, all his property should go to his heirs at law.

His daughter Lilian died in his lifetime, without issue, but his wife and his daughter Mary survived him. The wife has since died. The question is whether his property goes to his heirs as intestate estate, or otherwise, or whether upon his death it vested in his wife.

If his daughter Lilian had left at her death children who had survived the testator, it is clear that those children would have taken his property, not only by force of the statute, R. L. c. 135, § 21, but under the language of the will itself. Not only would the plain words of the will require this, but it is inconceivable that the testator should have intended the rights of the possible issue of Lilian to depend upon whether she should or should not survive him. But this consideration shows clearly that when he referred to the death of Lilian, he meant that death whenever it should happen, whether before or after his own decease. Accordingly,

the rights of his wife, depending upon the other alternative, the death of Lilian without issue, must be the same whether that death should occur before or after that of the testator. If this conclusion were not otherwise manifest, it would be made so by the fact that his property was to go to his heirs at law in case of the decease of his wife and daughter, and only upon the decease of both of them. This included of course their decease during his own lifetime, and makes it certain that the death which he had in mind was not merely a death after his own decease.

It follows that the decree of the Probate Court was correct and must be affirmed.

*So ordered.*